·SLAUGHTER *v.* LOEB.

CONTRACTS; CONSTRUCTION; WITNESSES; COMPETENCY; DEATH OF OP-
POSING PARTY.

1. An award was made by the Mexican "mixed claims commission" in favor of one Weil, and the money paid to the United States by Mexico. Slaughter contracted with Mexico to prove such claim fraudulent, and was to receive one tenth of any money refunded to Mexico by the United States. Subsequently the United States paid Weil part of the fund. Slaughter then entered into a contract with Loeb as follows: "It is agreed that I, James E. Slaughter, am to receive for services rendered in the above case one tenth of any amount which may be waived or withdrawn and refunded by the government of the United States of America to the Republic of Mexico, all of said award having been deposited by Mexico to the government of the United States at Washington. I am to be paid out of said fund, now on deposit as per my agreement and contract, now, and therefore I, James E. Slaughter, hereby agree and bind myself unto said Samuel E. Loeb, his heirs and assigns, to pay in the same manner and out of said fund which I will receive and now deposited in Washington, D. C., unto the said Loeb, two fifths of my interest for valuable books and papers furnished, and other valuable services rendered me." The Weil claim being declared fraudulent by the court of claims, the United States refunded to Mexico the part of the fund remaining in its hands, and Mexico having paid Slaughter one tenth thereof, the latter paid Loeb his two fifths. Slaughter then procured the passage of a bill in Congress appropriating money for the payment to Mexico of the amount paid to Weil, and, Slaughter having died, Mexico paid one tenth thereof into the hands of a receiver appointed by the court. Loeb made claim to two fifths of this fund under his contract with Slaughter, but it was contended that the contract was limited to the moneys in the hands of

the United States at the time of its execution. *Held*, that Loeb was entitled to two fifths of the fund in the hands of the receiver.

2. Under D. C. Code, sec. 1064 (31 Stat. at L. 1357, chap. 854), after the death of one of the parties to a contract, the other party is incompetent to testify, in a suit between the representatives of such deceased party and such other party, as to any transaction with, or declaration of, such deceased party. (Following *Jones* v. *Slaughter, ante,* 43.)

No. 1649. Submitted May 21, 1906. Decided June 5, 1906.

HEARING on an appeal from a portion of a decree of the Supreme Court of the District of Columbia making distribution of a fund in the hands of a receiver appointed by the court.
*Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. A. S. Worthington, Mr. J. J. Darlington,* and *Mr. Wilton J. Lambert* for the appellants.

*Mr. Wm. A. Maury* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from so much of a general decree of the supreme court of the District making distribution of a fund in the custody of the court, as directs the payment to Samuel E. Loeb therefrom of the sum of $6,875.58.

Samuel E. Loeb having died pending the appeal, his executor, Cecile R. Loeb, has been substituted as a party.

The history of the origin of the fund in the custody of the court has been given in the statement of the case of *Jones* v. *Slaughter, ante,* 43.

Mexico, having reason to believe that the award in favor of Benjamin Weil had been procured through fraudulent practices, soon thereafter entered into the following contract with James E. Slaughter for the purpose of invalidating the same:

This agreement, made this 9th day of March, A. D. 1877, by and between General James E. Slaughter of Mobile, Ala., party of the first part, and Senor Don Ignacio Mariscal, Minister of Mexico to the United States, party of the second part.

Witnesseth, That the said party of the first part agrees, for the considerations hereinafter named to undertake the proof and establishment before the proper authorities of the government of the United States of America of the fraudulent character of the claim of Benjamin Weil *versus* Mexico, numbered 447 upon the register of the late joint commission of the United States and Mexico, and adjudicated by the umpire thereof.

And the said party of the second part, acting for and in behalf of the government of Mexico, agrees, immediately upon the final withdrawal or waiver by the proper authorities of the government of the United States, whether by treaty, executive order, or otherwise, of the whole or any portion of the said claim of Benjamin Weil *versus* Mexico, to pay to the said party of the first part, by draft upon the National Treasury of Mexico, payable in Mexican gold, ten months after presentation, a sum equal to one tenth of the portion of said claim which may be so waived or finally withdrawn, or of the whole amount if it be so waived or withdrawn.

In witness whereof we have hereunto set out hands and seals this 9th day of March, A. D. 1877.

> Jas. E. Slaughter.
> Igno. Mariscal.

It is apparent from the evidence that Slaughter, after entering into the aforesaid contract, had an understanding with Loeb in accordance with which Loeb furnished important evidence in the ensuing litigation.

On November 2, 1894, Slaughter and Loeb executed the following contract of assignment under which the claim of Loeb has been maintained:

State of Louisiana,       }
Parish of Orleans, City of New Orleans.

Be it known that on this second of November of, A. D. one

thousand eight hundred and ninety-four, I, James E. Slaughter, a citizen of the United States of America, by these presents hereby transfer, and assign, and bind myself, my heirs, and my assigns, unto Samuel E. Loeb, his heirs and assigns, (2-5) two-fifths interest in my contract and agreement, which I have entered into, with the duly and legal representative of the United States of Mexico, in the city of Washington, D. C., on the ninth day of March, one thousand eight hundred and seventy-seven, to wit: One Benjamin Weil had an award made, by the umpire of the joint commission of the Republic of Mexico and the United States of America, on a claim, which I have proved thus far as a fraudulent claim, and now, by act of Congress, the said claim is pending before the United States court of claims, and may be appealed to the Supreme Court of the United States of America, and upon the decision of these tribunals, in the favor of the Republic of Mexico, or as the case stands now, the United States of America *vs.* all the parties interested in the Benj. Weil Case to show cause, etc. It is agreed that I, James E. Slaughter, am to receive, for services rendered in the above case, (1-10) one tenth of any amount which may be waived or withdrawn and refunded by the government of the United States of America to the Republic of Mexico, all of said award having been deposited by Mexico, to the government of the United States at Washington. I am to be paid out of said fund, now on deposit as per my agreement and contract, now, and therefore I, James E. Slaughter, hereby agree and bind myself unto Samuel E. Loeb his heirs and assigns to pay in the same manner and out of the said fund, which I will receive, and now deposited in Washington, D. C., unto the said Samuel E. Loeb (2-5) two fifths of my interest, for váluable books and papers furnished, and other valuable services rendered to me, reserving, that whenever my expense account is established Mr. Samuel E. Loeb is to bear his *pro rata,* not to exceed, however, two thousand dollars as his *pro rata;* and I further agree that, whenever I am in possession of my part and interest, I will without any unnecessary delay, and with all due diligence, pay and settle with Samuel E. Loeb, heirs or assigns.

Signed in duplicate in the presence of two competent wit-
nesses and in the presence of, and now in addition, for services
rendered by Robert B. Lines, Attorney at Law at Washington,
D. C. I have interested him to the extent of fifteen hundred
dollars, two fifths of this amount is to the debit of S. E. Loeb
and his proportion to be deducted from the amount to be paid
to him by me.

James E. Slaughter.
Sam'l E. Loeb.

C. H. Stocker.
Louis U. Gerrit.

It appears that, while attempts were being made to annul the
award to Weil, Mexico continued to pay over to the Secretary
of State of the United States the money due under the awards
that had been made, in the instalments provided in the conven-
tion under which the "mixed claims commission" had been or-
ganized.

Of the moneys so received from Mexico, the Secretary of
State paid to Weil the sum of $171,889.64.

After the court of claims, in the suit instituted under the
authority of an act of Congress for the purpose, had adjudged
the Weil claim and award void, the United States paid Mexico
all of the money remaining on deposit with the Secretary of
State.

Mexico paid Slaughter his one tenth thereof, and Slaughter
appears to have paid Loeb his two fifths thereof, after deduct-
ing certain expenses, as provided in the contract of assignment
aforesaid.

The United States afterwards recognized their moral obliga-
tion to refund to Mexico the amount of money deposited by the
latter, which had been paid over to Weil pending the litigation.

The appropriation of the money was made February 14, 1902,
and shortly thereafter the same, amounting to $171,889.64, was
paid by the United States to the Ambassador of Mexico.

Slaughter died in the city of Mexico on January 2, 1901,
where he had gone to induce the government of Mexico to in-

crease the compensation for his services under his original contract.

Having received the payment aforesaid, the Ambassador, recognizing the right of Slaughter to one tenth thereof under his said contract, paid over the sum, amounting to the sum of $17,188.96 to the receiver who had, in the meantime, been appointed to receive the money due Slaughter on this and another account. See statement in *Jones* v. *Slaughter, ante,* 43.

The question involved in this case is whether Loeb is entitled, under the said contract of assignment, to two fifths of Slaughter's said fund of $17,188.96 in the Weil Case.

The learned justice who rendered the decree held that he was, and we are of the opinion that he was right.

Although Slaughter represented Mexico in the matter of obtaining the legislation necessary to the review of the Weil and the La Abra company awards, and afterwards, in the person and through his associates Jones and Lines, worked to secure the return to Mexico of the money that had been received by the said parties, no additional contract was made with him in relation thereto.

Slaughter's right to the one tenth of this last payment on account of the Weil claim and award was recognized by Mexico as conferred by the terms of his original contract. In his contract with Loeb, executed in 1894, Slaughter transferred and assigned to Loeb "two-fifths interest in my contract and agreement," following the same with a brief recital of his contract with Mexico.

While these words of assignment plainly extend to the whole of Slaughter's interest in said contract, it is contended, on behalf of the appellants, that they are restricted by the subsequent recitals to two fifths of Slaughter's interest in the money that had been paid to the United States, and was then actually on deposit with the latter. It is true, as we have seen, that all of the money deposited by Mexico on account of the Weil award was not then in the possession of the United States, because the Secretary of State had sometime before paid over to Weil therefrom the said sum of $171,889.64; consequently, the Slaughter

fee or interest, the distribution of which is the subject of this suit, was paid by Mexico, not out of the money then on deposit, but from the money appropriated by the United States to refund to Mexico the sum that had been improvidently paid to Weil out of that deposit.

The contention is based, not only on the original contract entered into between Slaughter and Mexico, before any money had been deposited, but also on the following additional recital in the Loeb contract made thereafter:

"It is agreed that I, James E. Slaughter, am to receive for services rendered in the above case one tenth of any amount which may be waived or withdrawn and refunded by the government of the United States of America to the Republic of Mexico, all of said award having been deposited by Mexico to the government of the United States at Washington. I am to be paid out of said fund, now on deposit as per agreement and contract; now I therefore agree and bind myself unto said Samuel E. Loeb, his heirs and assigns, to pay in the same manner and out of said fund which I will receive and now deposited in Washington, D. C., unto the said Loeb, two fifths of my interest for valuable books and papers furnished, and other valuable services rendered me."

In our opinion the contract between Slaughter and the representative of Mexico contemplated the payment to Slaughter of one tenth of the entire sum that might be saved or refunded to Mexico as the result of vacating or annulling the Weil claim on the ground of fraud. Whether ambiguous in that respect or not, both Slaughter and the representative of Mexico had that understanding of its meaning, and acted thereon, without disagreement, from the time of its execution.

Slaughter, having received his portion of the deposited fund after its payment, set about procuring the legislation which led to the payment of the last sum, without any additional contract relating thereto; evidently believing that it was within the scope of the one under which he had been acting. When the appropriation had been made and the money thereunder paid over to the representative of Mexico, the latter recognized

Slaughter's right, under the same contract, to one tenth of the collection. In accordance with that recognition of Slaughter's right, he paid the money, Slaughter being then dead, to the person appointed by the court to receive it pending proceedings for its proper distribution. Clearly, therefore, it does not lie in the mouth of one claiming under Slaughter to say now that this money was paid as a mere gratuity. Nor is there the slightest evidence to raise the inference that there was some other possible contract in requital of which the payment might have been made.

The testimony offered by Loeb concerning declarations made to him by Slaughter is not competent for the reasons given in the case of *Jones* v. *Slaughter, ante,* 43.

The only competent evidence, in addition to the contract, of their relations, is to be found in a letter proved to have been written by Slaughter to Loeb on October 31, 1900, in the post-script to which, after referring to his petition to the government of Mexico, he says: "As soon as Congress meets, will introduce a bill to refund amount on Weil claim." While this is vague and indefinite, it is a slight circumstance tending to show that he regarded Loeb as having some interest in the money which he hoped to have Congress refund to make good that which had been paid out on the Weil claim.

From the language of the contract with Loeb alone, however, we think it reasonably clear that Slaughter intended to, and did, transfer to Loeb two fifths of the entire fee which he expected to receive from Mexico on the fulfilment of his contract; and that contract, as we have before held, applied to the fund paid by the United States to Mexico from which the fund in controversy was realized.

It follows that the decree must be affirmed with costs; and it is so ordered.                                            *Affirmed.*